IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **Jennifer East,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Civil Action, Case No.:** _____ |
| v. | ) |
| | ) **JURY DEMANDED** |
| | ) |
| **Thyssenkrupp Elevator Manufacturing, Inc.,** | ) |
| *a Delaware Corporation.* | ) |
| | ) |
| **Defendant.** | ) |

### VERIFIED COMPLAINT FOR VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

**COMES NOW** Plaintiff Jennifer East (hereinafter referred to as "Ms. East" or "Plaintiff"), by and through counsel, and for her Complaint against Defendant Thyssenkrupp Elevator Manufacturing, Inc. (hereinafter referred to as "Thyssenkrupp" or "Defendant") states as follows.

### NATURE OF THE COMPLAINT

1. Ms. East brings a cause of action under federal law, specifically the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

2. Ms. East brings this action against Thyssenkrupp Elevator Manufacturing, Inc., a Delaware corporation, for the company's FMLA interference, culminating in her termination.

3. Ms. East seeks back pay; front pay; liquidated and/or other damages as permitted by the FMLA; and attorney's fees, costs, and expenses incurred in this action.

### PARTIES

4. Ms. East is a resident of Walnut, Tippah County, Mississippi.

5. At all relevant times, Ms. East was an employee of Defendant for FMLA purposes.

6. Defendant Thyssenkrupp Elevator Manufacturing, Inc. is a Delaware corporation and may be reached for service through its registered agent, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, TN 37203-1312.

7. At all relevant times, Defendant was Ms. East employer for FMLA purposes.

## JURISDICTION AND VENUE

7. This action for damages is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. This Court has federal question subject matter jurisdiction under 29 U.S.C. § 2615(a).

8. Defendant is a legal entity incorporated in the State of Delaware but has a substantial presence in the Western Division of Tennessee through its business located in Memphis, Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

9. Defendant does business in the Western Division of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. East's claims occurred in the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Tennessee.

## FACTUAL BACKGROUND

10. Defendant employed Ms. East from October 21, 2018, until October 11, 2020.

11. Ms. East worked as a Forklift Operator for Defendant.

12. At the time of her termination, Ms. East was being paid $20.88 per hour, and time and one-half for her overtime.

13.     On November 30, 2020, Thyssenkrupp employees of Ms. East's class were raised from $20.88 per hour to $21.51 per hour.

14.     Ms. East worked, on average, 12 hours of overtime per week.

15.     In August 2020, Ms. East required a medical leave of absence to have a surgical procedure.

16.     Ms. East filed for FMLA leave through the Hartford, ThyssenKrupp's FMLA administrator, per company policy.

17.     The Hartford approved Ms. East's claim and Hartford representative Jonathan Diaz advised that The Hartford would notify ThyssenKrupp of her leave.

18.     Ms. East was first approved for leave from August 24 through September 27, 2020.

19.     Ultimately, Ms. East required additional time off and was approved for leave through October 11, 2020. On October 8, 2020, Ms. East received a Positive Progressive Attendance Discipline form from ThyssenKrupp stating that she was being disciplined for job abandonment and had been "No Call/No Show" from August 31 through September 4, 2020.

20.     Five days later, on October 13, Ms. East received a Salary Termination Form indicating that she had been terminated, effective September 8, 2020, for "Job Abandonment" and stating that she was ineligible for re-hire.

21.     Defendant made no attempt to reach out to Ms. East regarding her medical condition or when she would be returning to work or to confirm with the FMLA Administrator that her leave had ended.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

22. Ms. East re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 16 as if they were set forth fully herein.

23. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

24. Upon information and belief, at all relevant times, Defendant has employed and/or continues to employ "employee[s]," such as Ms. East.

25. Upon information and belief, at all relevant times, Ms. East was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

26. The FMLA requires each covered employer, such as Defendant, to provide eligible employees "a total of 12 workweeks of leave during any 12-month period." 29 U.S.C. § 2612(a)(1).

27. An eligible employee, such as Ms. East, is entitled to FMLA leave if the employee has a "serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1).

28. The FMLA specifies that "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the rights granted to the employee under the FMLA. 29 U.S.C. § 2615(a)(1).

29. An employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements. *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).

30. Defendant's conduct, including its failure to reach out to Ms. East regarding her medical condition or when she would be returning to work and its failure to make any attempt to

confirm with the FMLA Administrator that her leave had ended, constitutes reckless disregard of the FMLA's requirements and, thus, a willful violation of the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FMLA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for lost back pay and lost front pay, including liquidated damages, in an exact amount to be determined at trial;

4. An award of costs and expenses incurred in this action, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jennifer East hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip E. Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorneys for Plaintiff*

## **DECLARATION AND VERIFICATION**

  I, Jennifer East, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Family and Medical Leave Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Jennifer P. East*
_____
Jennifer East
12 / 21 / 2020
_____
Date



Audit Trail

| | |
|---|---|
| **TITLE** | East - Complaint to review/verify |
| **FILE NAME** | East Complaint - to be verified.pdf |
| **DOCUMENT ID** | 777aec11575795201b2c559379b139209a33604d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**    **12 / 21 / 2020**    Sent for signature to Jennifer J. East
12:38:07 UTC-6    (jenniferjeast@icloud.com) from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**    **12 / 21 / 2020**    Viewed by Jennifer J. East (jenniferjeast@icloud.com)
12:39:53 UTC-6    IP: 174.247.224.104

**SIGNED**    **12 / 21 / 2020**    Signed by Jennifer J. East (jenniferjeast@icloud.com)
12:48:46 UTC-6    IP: 174.247.224.104

**COMPLETED**    **12 / 21 / 2020**    The document has been completed.
12:48:46 UTC-6

Powered by HELLOSIGN